**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4081**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

RANDY LEE CARNEY,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:16-cr-00223-D-1)

Argued:  December 13, 2018                    Decided:  January 30, 2019

Before GREGORY, Chief Judge, and DUNCAN and DIAZ, Circuit Judges.

Affirmed by unpublished opinion.  Judge Duncan wrote the opinion, in which Chief Judge Gregory and Judge Diaz concurred.

**ARGUED:**  Mark Russell Sigmon, SIGMON LAW, PLLC, Raleigh, North Carolina, for Appellant.  Phillip Anthony Rubin, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:**  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

Randy Lee Carney appeals the district court's judgment sentencing him to 120 months' imprisonment. He contends that the court erred in applying the career offender enhancement to his sentence because one of the offenses on which it relied did not qualify as a predicate offense. Finding no reversible error, we affirm.

I.

Carney was indicted by a grand jury on two counts of distribution and possession with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). He pleaded guilty to both counts.

Before sentencing, the probation office prepared a presentence report (a "PSR"), which determined that Carney was a career offender under U.S.S.G. § 4B1.1(a).[1] This designation was based on two prior felony convictions: a 2012 conviction for possession with intent to sell and deliver marijuana and a 2013 conviction for assault on a law enforcement officer causing physical injury ("ALEOCPI"), N.C. Gen. Stat. § 14-34.7(c). The latter conviction involved Carney's assault of a Raleigh police officer, which left the officer with "a broken nose, a cracked tooth and whiplash." J.A. 74, 100. The career offender enhancement increased Carney's total offense level from a base offense level of

_____

[1] Under the Guidelines, a defendant is a career offender if, as relevant here, the defendant "has at least two prior felony convictions of either a crime of violence [as defined in § 4B1.2(a)] or a controlled substance offense." U.S.S.G. §§ 4B1.1(a), 4B1.2(a).

24 to 32, and after a three-level reduction for acceptance of responsibility, to 29. The enhancement also increased his criminal history category from IV to VI. Accordingly, Carney's advisory Guidelines range rose from 57 to 71 months without the career offender designation to 151 to 188 months with the enhancement.

Carney objected to the probation officer's determination that he was a career offender, contending that his 2013 ALEOCPI conviction did not constitute a crime of violence and was therefore not a predicate offense for the career offender enhancement. Carney's sentencing hearing was continued several times pending our decision in *United States v. Thompson*, 874 F.3d 412 (4th Cir. 2017), which determined whether North Carolina assault inflicting serious bodily injury constitutes a crime of violence, because as the district court in this case explained, it "really do[es] try to get it right."[2] J.A. 54. The district court ultimately overruled Carney's objection, concluding that Carney's 2013 ALEOCPI conviction qualified as a crime of violence under § 4B1.2(a) and that he was therefore a career offender.

Having determined that Carney was a career offender, the court considered the 18 U.S.C. § 3553(a) factors and sentenced Carney below the Guidelines range to 120 months in custody for each count, to run concurrently. In addition, the district court further announced that it would have imposed the same 120-month sentence even if the career offender enhancement did not apply. The court explained that in a "counterfactual

---

[2] During this period, the court gave Carney notice pursuant to Federal Rules of Criminal Procedure 32(h) that it was considering an upward departure under U.S.S.G. § 4A1.3(a)(1).

universe" where Carney was not a career offender, it would have reached the same sentence either by an upward departure pursuant to U.S.S.G. § 4A1.3, on the basis that Carney's criminal history category underrepresented the seriousness of his criminal history and his likelihood of recidivism, or by a variance. J.A. 80–81. This appeal followed.

## II.

On appeal, Carney challenges the procedural and substantive reasonableness of his sentence, contending that the district court erred in sentencing him as a career offender because his 2013 ALEOCPI conviction does not constitute a crime of violence under § 4B1.2(a). Specifically, Carney contends that, under the categorical approach, North Carolina ALEOCPI lacks a sufficient mens rea element to categorically qualify as a crime of violence.

Generally, we apply a "deferential abuse-of-discretion standard" in reviewing any sentence, "whether inside, just outside, or significantly outside the Guidelines range." *United States v. Savillon-Matute*, 636 F.3d 119, 122 (4th Cir. 2011) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We review a sentence for reasonableness, which has procedural and substantive components: procedural reasonableness evaluates the method used to determine a defendant's sentence, while substantive reasonableness examines the totality of the circumstances to determine whether the sentence satisfies the standards set forth in 18 U.S.C. § 3553(a). *United States v. Hargrove*, 701 F.3d 156,

4

160–61 (4th Cir. 2012) (quoting *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010)).

Improper calculation of a Guidelines range--such as applying a career offender enhancement where the defendant is not in fact a career offender--constitutes a procedural error that is subject to harmless error review. *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014); *see* Fed. R. Crim. P. 52 (stating that federal courts must disregard harmless errors). Accordingly, rather than evaluating the merits of Carney's challenge to the calculation of the Guidelines range, we may proceed directly to an "assumed error harmlessness inquiry." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017); *see Gomez-Jimenez*, 750 F.3d at 382; *Hargrove*, 701 F.3d at 162; *Savillon-Matute*, 636 F.3d at 123.

Under this inquiry, we affirm the district court's sentence if we determine that "(1) the district court would have reached the same result even if it had decided the guidelines issue the other way, and (2) the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." *Gomez-Jimenez*, 750 F.3d at 382. The error will only be deemed harmless when we are "*certain* that the result at sentencing would have been the same" absent the enhancement. *United States v. Montes-Flores*, 736 F.3d 357, 370 (4th Cir. 2013) (internal quotation marks omitted) (emphasis added). We have explained that we undertake this assumed error harmlessness inquiry because "it would make no sense to set aside a reasonable sentence and send the case back to the district court since it has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm." *Hargrove*, 701 F.3d at 162 (alterations and

citation omitted). Therefore, we assume that Carney does not qualify as a career offender under the Guidelines and evaluate whether, without the career offender enhancement, the district court would have reached the same result and whether the result was reasonable.

Under the first prong, the record makes clear that the district court would have imposed the same sentence even if the career offender enhancement did not apply. Expressing the "need to incapacitate [Carney]," the district court provided two alternative bases for sentencing Carney to 120 months imprisonment. J.A. 78. First, the court announced that "in an alternative counterfactual universe had [the] career offender [enhancement] not applied," it would have "upwardly departed" to an offense level of 24 and a criminal history category of VI, yielding a Guidelines range of 100 to 125 months. J.A. 80–81. Within this range, the court explained that it would have imposed a 120-month sentence. Second, the court announced alternatively that it also would have reached the 120-month sentence as a variance. J.A. 81. Here, where the district court explicitly pronounced that it would have imposed the same sentence even without the career offender enhancement and explained the basis for the alternative sentence, the first prong is satisfied.

Carney nonetheless argues that the court's error was not harmless because we cannot be *certain* that the court would have imposed the same sentence. Carney points to the fact that the district court delayed sentencing pending our decision in *Thompson*, 874 F.3d 412, arguing that the court would not have delayed sentencing if it truly believed that Carney's case warranted a 120-month sentence regardless of the correct Guidelines range. Carney also contends that the court's announcement of an alternative sentence is

6

merely standard practice. These arguments, however, are unavailing. We have concluded that the first prong was satisfied in cases where the district court's pronouncement of an alternative sentence was far less clear. In *Savillon-Matute*, for example, we concluded that the district court satisfied the first prong even though it did not specifically state that it would have imposed the same sentence absent the enhancement because the court's sentencing intent was clear from the record. 636 F.3d at 124. In *Gomez-Jimenez*, we affirmed the district court's alternative sentence under assumed error harmlessness review even though it did not provide a separate explanation for the alternative sentence. 750 F.3d at 383. In contrast, here, the court provided a detailed explanation of the basis for and specifics of the parallel result. We therefore conclude that the first prong is satisfied.

Turning to the second prong, we must determine whether Carney's 120-month sentence would be substantively reasonable even if the disputed issue--whether he was a career offender--were resolved in his favor. When reviewing a sentence's substantive reasonableness, we "examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (quoting *Mendoza-Mendoza*, 597 F.3d at 216). In reviewing the § 3553(a) factors, "a sentencing court need not explicitly discuss each factor on the record or robotically tick through § 3553(a)'s every subsection." *United States v. Rivera-Santana*, 668 F.3d 95, 105 (4th Cir. 2012) (internal quotation marks omitted). Rather, we will "credit an articulation as clear and appropriate[] when the

reasons can be matched to a factor appropriate for consideration and tailored to the defendant's situation." *Id.* (internal quotation marks omitted).

The record reflects that the district court conducted a thorough, individualized assessment of Carney and his criminal conduct as necessary under the § 3553(a) factors in explaining its sentence.[3] The district court considered the nature of Carney's present offense, as well as his history and characteristics. It noted his age and substance abuse problems, as well as his lack of a GED, a high school diploma, or a history of employment. The court also considered Carney's criminal history, which began at age eighteen, and emphasized in particular that the crimes of conviction "are not once, but twice." J.A. 78. The court expressed particular concern over Carney's 2013 ALEOCPI conviction, calling it a "very serious offense." *Id.* at 77–78. Considering the "totality of the record," the court explained that there was a "need to incapacitate [Carney]," to "generally deter, [and] to impose just punishment." *Id.* at 78. Accordingly, given the district court's explanation of the § 3553(a) factors and the deferential standard of review we apply when reviewing criminal sentences, we conclude that the sentence would be reasonable even if the disputed issue were resolved in Carney's favor.[4]

---

[3] Because the district court's alternative sentence on the basis of a variance would have been substantively reasonable, we need not determine the reasonableness of an alternative sentence based on an upward departure.

[4] Carney argues that even if the court's sentence is reasonable, its error is not harmless because the career offender designation formally elevated his criminal history category from IV to VI, which has adverse consequences for his treatment in prison. According to Carney, had the court reached the same sentence through an upward departure, such a departure would not have formally elevated his criminal history (Continued)

8

Because the district court made it clear that it would have imposed the same sentence even if Carney was not a career offender, and that sentence is substantively reasonable, we conclude that any alleged Guidelines calculation was harmless.

## III.

We affirm the district court's judgment sentencing Carney to 120 months' imprisonment.

*AFFIRMED*

---

category.  However, to support this claim, Carney relies solely upon a conversation he had with the Probation Office and Bureau of Prisons.  We find that his argument is therefore speculative, and in the absence of any authority in support of this position, we see no basis on which to conclude that any error was not harmless in this case.